# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CR 20-78-RAW |
|  | ) |  |
| PATRICK DWAYNE MURPHY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OBJECTIONS TO REPORT AND RECOMMENDATION

Defendant, Patrick Dwayne Murphy, submits the following as his objections to the report and recommendation of the magistrate judge that Defendant's motion to suppress his statement to the OSBI be denied. (Docs. 36, 92)

Mr. Murphy was arrested on a state murder charge on August 29, 1999 and eventually taken to the Eufaula Police Department, where he made a recorded statement. (Doc. 92, pp. 2-3, ) Defendant purportedly waived his rights to silence and counsel under *Miranda v. Arizona,* 384 U.S. 436, 444 (1966), agreed to talk to the agents, and made incriminating statements. (Doc.92, pp. 3-5)

Defendant filed a motion to suppress and a motion for a hearing on the voluntariness of his statement. (Doc. 36) This Court referred the matter to Magistrate Judge Shreder. (Doc. 92, p. 1) The magistrate judge ordered that a hearing be conducted under the authority of *Jackson v. Denno,* 378 U.S. 368, 394 (1964). (Doc. 92, p. 1)

The hearing was held on November 20, 2020. (Doc. 92, p. 1) OSBI Agent John

1

Jones testified. Mr. Murphy argued that his statement should be suppressed because, under the totality of the circumstances, it was not voluntary. Specifically, it was argued that Defendant's statement was involuntary because it was conditioned on direct or implied promises of lenient or favorable treatment. At various points during the interrogation when law enforcement disbelieved or was skeptical of what Mr. Murphy was saying, they emphasized that by allowing Defendant to speak, they were giving him an "opportunity," in effect doing him a favor. The OSBI would convey Mr. Murphy's "cooperation" to the District Attorney (depending on whether they reacted favorably to what Defendant was saying). Otherwise, the agents were going to give the District Attorney a bad report and the opportunity being afforded Mr. Murphy would be wasted. This was the clear upshot of the questioning. (Doc. 92, pp. 2-4, 4-9)

The magistrate judge rejected this argument, finding that no promises or assurances of favorable treatment in exchange for a statement was made. The agents were entitled to challenge statements of Mr. Murphy that they believed to be untrue, and were simply giving him the opportunity to tell the truth. If they believed he was being honest, they would tell this to the District Attorney. (Doc. 92, pp. 4-9)

Defendant objects to this conclusion. Particularly, but not exclusively, in light of the fact that Mr. Murphy had been heavily intoxicated the night before and is of limited intelligence, a person in his position would have believed that, based on the assurances of the agents, he was being given much more than simply the opportunity to tell the truth, and that if he said what the authorities wanted to hear, he would be rewarded for it.

*United States v. Garot,* 801 F.2d 1241, 1242-45 (10th Cir. 1986)(setting forth the applicable test and finding no violation); *United States v. Lujan,* 2008 WL 11359110 at *5 (D.N.M. June 26, 2008)(improper inducements or promises were made to defendant by law enforcement during questioning). This rendered his statement involuntary and should result in its suppression. The report and recommendation of the magistrate judge should be overturned in this respect.'

Second, Defendant argued that his statement should be suppressed due to a *Miranda* violation. The recording and the testimony at the hearing showed that Mr. Murphy repeatedly stated he wanted both a lawyer and to talk to the authorities. Defendant stated he wanted both, and asked for both. Instead of suspending questioning until Mr. Murphy could consult with a lawyer, he was told that what he was asking for could not be done "now," or until later. This simply wasn't the case.

The magistrate judge ruled that Mr. Murphy was not misled and was not denied the right to counsel, because he never made a clear request. The record, however, shows that he asked unequivocally for a lawyer and the ability to talk to the authorities simultaneously. This request was not honored. The *Miranda* violation also weighs against the government in the voluntariness determination. *Moran v. Burbine,* 475 U.S. 412. 427 (1986).

Based on these grounds (objections) and the fact that the voluntariness of Mr. Murphy's statement was adversely affected by his intoxication from the night before and his limited intelligence, this Court should decline to adopt the magistrate judge's report

3

and recommendation and should issue an order granting the motion to suppress. The statement was involuntary on at least two levels, *Colorado v. Connelly,* 479 U.S. 157, 167 (1986); *United States v. Chalan,* 812 F.2d 1302, 1307 (10th Cir. 1987); *United States v. Minard,* 2008 Fed.Appx. 657, 660 (10th Cir. 2006), and was also marred by a *Miranda* violation. At a minimum, the Court might want to hold an additional hearing.

        Respectfully submitted,

        /s/ David Autry
        David Autry, OBA #11600
        1021 N.W. 16th Street
        Oklahoma City, OK 73106
        (405) 521-9600
        (405) 521-9669 [fax]
        dbautry77@gmail.com

        Lawyer for Defendant,
        Patrick Dwayne Murphy

**Certificate of Electronic Filing and Service**

This is to certify that on this 3rd day of January 2021, I caused to foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with electronic service to be made via CM/ECF to Jarrod Leaman, AUSA, and to all other counsel of record. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

        /s/ David Autry