IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-78-RAW |
| ) | |
| PATRICK DWAYNE MURPHY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is Defendant Patrick Dwayne Murphy's Motion to Dismiss asserting that the statute of limitations bars his prosecution [Docket No. 68].

The Government filed its initial Indictment on September 10, 2020 [Docket No. 14]. The superseding indictment, filed on October 28, 2020, charges Defendant with four counts: murder, murder in perpetration of kidnapping, and two counts of kidnapping resulting in death [Docket No. 53].[1] The acts charged in the indictment are alleged to have occurred in August 1999, twenty-one years before the filing of the indictment. Each charged offense carries punishments of death or life imprisonment. 18 U.S.C. §§ 1111(b) & 1201(a).

For "any offense punishable by death," there is no statute of limitations and the offense may be prosecuted "at any time." 18 U.S.C. § 3281. For all other offenses, the statute of limitations is five years, "[e]xcept as otherwise expressly provided by law." 18 U.S.C. § 3282(a). The Federal Death Penalty Act provides tribal governments the discretion to make death sentences unavailable in cases charging tribal members with federal crimes when jurisdiction is based solely on the crime occurring within Indian country. See 18 U.S.C. § 3598 ("[N]o person subject to the

---

[1] For the purpose of resolving this motion, the original and superseding indictments are substantially identical.

criminal jurisdiction of an Indian tribal government shall be subject to a capital sentence . . . unless the governing body of the tribe has elected that this chapter have effect over land and persons subject to its criminal jurisdiction."). The parties do not dispute that the offenses are alleged to have occurred on lands associated with the Muscogee (Creek) Nation, which has not agreed to application of the death penalty within its territory. As a result, the Government is not seeking— and cannot seek—the death penalty in this case.

Defendant's argument is straightforward: The charged offenses are not "punishable by death" because death is not an available sentence due to the Muscogee (Creek) Nation's decision under the Federal Death Penalty Act, meaning the five-year statute of limitations applies and bars this prosecution. Defendant's position is both understandable and rational, but it does not prevail. Courts throughout the country have rejected Defendant's position, and this court finds those determinations persuasive. Particularly notable are the decisions of the Ninth Circuit and the District of New Mexico, each of which specifically addressed whether a tribal government's rejection of the death penalty rendered an offense no longer "punishable by death" under § 3281.

In *United States v. Gallaher*, the Ninth Circuit held that § 3281's unlimited charging period applied even when death penalty cannot not be imposed due to a tribal government's decision under the Federal Death Penalty Act. 624 F.3d 934, 942 (9th Cir. 2010). There, the Ninth Circuit concluded that a crime being designated as punishable by death goes to the seriousness of the offense rather than the actual punishment that may ultimately be imposed. *Id.* at 939-40 (citing *United States v. Kennedy*, 618 F.2d 557, 559 (9th Cir. 1980)). Further, the "limitations provisions of sections 3281 and 3282 are inextricably tied to the nature of the offense," and reflect that seriousness. *Id.* at 940. A tribal government's decision to not opt-in to the death penalty, thereby making it unavailable as a punishment, did not make a crime occurring in Indian country less

2

serious than those occurring in other federal jurisdictions. *Id.* at 940.  Importantly, the Ninth Circuit distinguished legislative determinations concerning the seriousness of an offense, and thus the applicable statute of limitations, from procedural safeguards created to protect defendants when the Government specifically seeks imposition of the death penalty. *Id.*  The District of New Mexico has similarly concluded that charged offenses were punishable by death, within the meaning of § 3281, even though the death penalty was not available due to the decision of a tribal government. *United States v. Martinez*, 505 F. Supp. 2d 1024, 1034 (D.N.M. 2007).

Defendant cites only one case in support of his position.  In *United States v. Maestas*, the Tenth Circuit held that a defendant charged with rape and first-degree murder was not entitled to twenty peremptory strikes because the Government was not seeking the death penalty.  523 F.2d 316, 319 (10th Cir. 1975).  *Maestas* is easily distinguished because that case concerned the application of Federal Rule of Criminal Procedure 24(b), which provides twenty peremptory strikes to each side "when the government seeks the death penalty." Fed. R. Crim. P. 24(b)(1); *Maestas*, 523 F.2d at 319.  Rules like this are intended to provide greater protections to defendants in those cases where the Government specifically seeks a death sentence, whereas statutes declaring certain offenses punishable by death reflect legislative judgments regarding the seriousness of the crime. *Gallaher*, 624 F.3d at 940.

Other courts have examined similar issues concerning the unavailability of the death penalty and concluded that it does not render inapplicable § 3281's unlimited charging period. *See, e.g., United States v. Payne*, 591 F.3d 46, 58-59 (2d Cir. 2010) (holding that Government's decision to not seek death penalty did not affect statute of limitations because "in determining whether an offense is punishable by death within the meaning of § 3281 . . . we look to the character of the offense and the penalties that are set out by statute." (internal quotation marks

omitted)); *United States v. Ealy*, 363 F.3d 292, 296-97 (4th Cir. 2004) ("[W]hether a crime is punishable by death under § 3281 . . . depends on whether the death penalty may be imposed for the crime under the enabling statute, not on whether the death penalty is in fact available for defendants in a particular case." (internal quotation marks and emphasis omitted)); *United States v. Ledbetter*, Case Nos. 2:15-CR-080 & 2:14-CR-127, 2015 WL 4751468, at *4-7 (S.D. Ohio Aug. 12, 2015) (holding that § 3281's applicability is determined by nature of offense and punishment authorized by criminal statute, not whether Government can or does seek death penalty).

The death penalty's unavailability due to a jurisdictional quirk does not, and cannot, affect the statute of limitations for charging the offense. To hold otherwise risks a grave injustice: killers may permanently escape justice simply because their victims were killed on lands associated with a Native American tribe that objects to the death penalty. *See Gallaher*, 624 F.3d at 942 (noting that holding five-year statute of limitations applied to these cases would force tribal governments "to choose between capital punishment—to which they may have religious or political objections—and justice for the most heinous of crimes," and further recognizing that this "would generate unique injustice for Indian victims"). The applicable statute of limitations is a legislative determination that reflects the seriousness of the charged conduct. Therefore, the statute establishing the crime and setting out available punishments determines whether a crime is "punishable by death," and thus lacking a limitations period, under § 3281. Even though the death penalty is unavailable as a final sentence in this case, the charges Defendants stands accused of committing are punishable by death under the enabling statute and are not subject to a limitations period. 18 U.S.C. §§ 1111(b), 1201(a), 3281.

Accordingly, Defendant Patrick Dwayne Murphy's Motion to Dismiss pursuant to the statute of limitations [Docket No. 68] is hereby DENIED.

**IT IS SO ORDERED** this 18th day of February, 2020.

*/s/ Ronald A. White*

Ronald A. White
United States District Judge
Eastern District of Oklahoma