**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CR-20-78-RAW** |
| ) | |
| **PATRICK DWAYNE MURPHY,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

Before the court is Defendant Patrick Dwayne Murphy's Motion to Dismiss for Pre-Indictment Delay [Docket No. 69].

The Government has charged Defendant with four counts, ranging from murder to kidnapping resulting in death, regarding the events surrounding the death of George Jacobs in August 1999.  In 2000, an Oklahoma state court jury convicted Defendant for the murder of Jacobs and sentenced him to death.  As early as 2004, Defendant raised his first challenge to the jurisdiction of Oklahoma's state courts to try him, claiming that he was a Native American and the crime was alleged to have occurred within Indian Country.  *See Murphy v. State*, 124 P.3d 1198, 1199–1200.  No court agreed with Defendant until 2017, when the Tenth Circuit released its opinion in Defendant's appeal regarding his federal habeas challenge.  *See Murphy v. Royal*, 875 F.3d 896, 966 (10th Cir. 2017).  The Tenth Circuit, however, stayed its mandate in that case pending an appeal to the United States Supreme Court, meaning the Tenth Circuit decision lacked any force of law.  *See Murphy v. Royal*, Case Nos. 07-7068 & 15-7041, Document No. 01019902688 (10th Cir. Nov. 16, 2017).  In July 2020, the Supreme Court decided by a 5-4 majority that Congress did not disestablish the Creek Reservation upon admitting Oklahoma as a state, meaning that land was Indian Country for the purposes of the Major Crimes Act and

Oklahoma lacked jurisdiction to prosecute certain crimes committed by individuals like Defendant. *McGirt v. Oklahoma*, ___ U.S. ___, 140 S. Ct. 2452, 2459, 2481-82 (2020); *Sharp v. Murphy*, ___ U.S. ___, 140 S. Ct. 2412 (2020) (*per curiam*). Two months after the decisions in *McGirt* and *Sharp*, the Government filed its indictment charging Defendant in this court [Docket No. 14].

The statute of limitations is the primary protector against the Government prosecuting stale charges, but the Fifth Amendment's Due Process Clause also has a "limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977). The Tenth Circuit utilizes a two-part test to determine if pre-indictment delay violates the Fifth Amendment: "Preindictment delay is a violation of due process where (1) the defendant suffered 'actual prejudice resulting from the delay,' and (2) 'the delay was purposefully designed to gain tactical advantage or to harass.' " *United States v. Colonna*, 360 F.3d 1169, 1176-77 (10th Cir. 2004) (quoting *United States v. Comosona*, 848 F.2d 1110, 1113 (10th Cir. 1998)), *overruled on other grounds by United States v. Little*, 829 F.3d 1177 (10th Cir. 2016). Defendant bears the burden of proof to demonstrate both parts of the test are satisfied. *United States v. Engstrom*, 965 F.2d 836, 839 (10th Cir. 1992). Vague allegations of prejudice based on the passage of time and absence of witnesses are inadequate. *United States v. Jenkins*, 701 F.2d 850, 855 (10th Cir. 1983), *overruled on other grounds by Batson v. Kentucky*, 476 U.S. 79 (1986). Where a defendant claims prejudice due to the unavailability of witnesses, the "defendant must be able to show definite and not speculative prejudice, and in what specific manner missing witnesses would have aided his defense." *Id.*

In this case, Defendant does not carry his burden as to either part of the test. First, he argues that "potentially exculpatory evidence from deceased witnesses . . . is not available to him."

[Docket No. 69, at 3]. Defendant notes that these witnesses did not testify at his state trial, but asserts that "[i]f they were available to testify honestly (in contrast to some of their statements to law enforcement) their testimony" they could demonstrate Defendant's lack of culpability. *Id.* Defendant's claims of prejudice due to certain witnesses being unavailable is speculative at best, because he provides no specific indication as to how they would have testified except to claim they would have contradicted their statements to law enforcement made twenty years ago. Defendant's argument that a partial defense based on intoxication will be rendered less effective is equally unsupported, as it relies on nothing more than reference to the "passage of time" and not to any concrete examples of witnesses who once could have testified to Defendant's level of intoxication but are now unable to do so.

Second, even if Defendant demonstrated actual prejudice, he has made no showing that the Government purposefully delayed charging him to gain a tactical advantage or to harass him. Until 2017, no court believed the Oklahoma state courts were unable to prosecute individuals like Defendant, and only in July 2020 did the Supreme Court declare that Oklahoma lacked jurisdiction to charge Defendant. *Sharp*, 140 S. Ct. 2412. There are no grounds to conclude that the Government's delay in charging Defendant was negligent, let alone purposeful and designed to gain a tactical advantage at trial or to harass Defendant.

Accordingly, Defendant Patrick Dwayne Murphy's Motion to Dismiss for Pre-Indictment Delay [Docket No. 69] is hereby DENIED.

**IT IS SO ORDERED** this 18th day of February, 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3