IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-78-RAW |
| ) | |
| PATRICK DWAYNE MURPHY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the court is Defendant Patrick Dwayne Murphy's Motion in Limine seeking exclusion of the testimony he provided at his prior state court criminal trial [Docket No. 72]. The Government has filed a response opposing the motion [Docket No. 86].

In his state criminal trial, Defendant voluntarily waived his right to remain silent and testified in his own defense during both the guilt and penalty phases of his trial. The Government now seeks to admit that testimony as evidence against Defendant. Defendant's motion argues that his prior testimony is inadmissible hearsay evidence under Federal Rule of Evidence 804. The Government responds that Defendant's testimony is categorically not hearsay because, under Federal Rule of Evidence 801, it is an opposing party's prior statement.

The Federal Rules of Evidence prohibit the admission of hearsay evidence unless an exception exists. Fed. R. Evid. 802. The Supreme Court has recognized a "general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." *Harrison v. United States*, 392 U.S. 219, 222 (1968). Rule 801 further declares that a "statement offered against an opposing party [that] was made by the [opposing] party in an individual or representative capacity" is not hearsay and therefore not subject to the prohibition against admitting hearsay evidence. Fed. R. Evid. 801(d)(2)(A). Rule 804, titled "Hearsay

Exceptions; Declarant Unavailable," applies only to statements that are hearsay. Fed. R. Evid. 804 ("The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness . . . .").

The Government intends to introduce as evidence Defendant's own statements that he made in an individual or representative capacity during his state court trial. On its face, this evidence clearly falls within Rule 801(d)(2)(A) and is not hearsay. Further, it is well established that a defendant's testimony at a prior trial is admissible against him in a later trial. *Harrison*, 392 U.S. at 222. Defendant has provided no argument for why this evidence is hearsay and Rule 804's requirements must apply before the evidence can be admitted.[1] Defendant instead presumes Rule 804's applicability and rests his position on the premise that he lacked a similar motive to develop his testimony at the prior proceeding as well as the notion that the prior proceeding's jurisdictional defects renders the testimony inadmissible under Rule 804. After examining the arguments raised in briefing and at the evidentiary hearing held on January 27, 2021, the court finds that Defendant's prior state court testimony is admissible under Federal Rule of Evidence 801. Defendant's objection to the introduction of this testimony under Federal Rule of Evidence 804 is overruled.

Accordingly, Defendant Patrick Dwayne Murphy's Motion in Limine [Docket No. 72] seeking exclusion of his prior testimony is hereby DENIED.

**IT IS SO ORDERED** this 18th day of February, 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[1] Rule 804 permits hearsay evidence if the declarant is unavailable to testify and the evidence to be admitted is "[t]estimony that was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one and is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1).